# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| DEKENDREA MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.: 1:16-CV-397-CLC-SKL |
| v. | ) |
| | ) |
| CHRIS HOWARD, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On October 12, 2016, the Court entered an order providing that Plaintiff would have thirty days from the date of entry of the order to pay the full filing fee or to submit the necessary documents to proceed *in forma pauperis* [Doc. 3]. The Court also warned Plaintiff that if she failed to timely comply with that order, the Court would presume Plaintiff is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution [*Id.* at 1–2]. More than a year has passed and Plaintiff has not complied with this order.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court considers four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, Plaintiff's failure to respond to the Court's order may be willful (if she received the order and declined to respond), or it may be negligent (if she did not receive the order because she failed to update her address and/or monitor this action as required by Local Rule 83.13). Either way, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if she failed to comply with the Court's order [Doc. 2 p. 1–2].

Finally, as to the fourth factor, the Court finds alternative sanctions would not be effective. Plaintiff filed an affidavit of indigency with her complaint [Doc. 1] and has not pursued this case since she filed her complaint.

For the reasons set forth above, the Court concludes the relevant factors weigh in favor of dismissal of Plaintiff's action without prejudice pursuant to Rule 41(b). Accordingly, Plaintiff will be **ASSESSED** the filing fee of $400.00 and this action will be **DISMISSED without prejudice** pursuant to Rule 41(b).

The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing

fee of $400.00 has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum opinion and the accompanying order to the Warden of Silverdale Detention Center and the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's institutional file and follow her if she is transferred to another correctional facility. The Clerk will also be **DIRECTED** to furnish copies of this memorandum opinion and the accompanying order to the Court's financial deputy.

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**